IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **TRATORIA BROOKS** <br> 2303 St. Joseph's Drive <br> Bowie, Maryland 20721 | * <br><br> * | |
| **Plaintiff** | * | |
| vs. | * | Civil Action No. 1:16-cv-00644 |
| **TIFFANIE BRIDGERS** <br> 122 Wilmington Place, SE <br> Washington, D.C. 20032 | * <br><br> * | |
| **Defendant** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

COMES NOW, the Plaintiff, Tratoria Brooks, by and through counsel, John P. Valente, III and Thomas V. Mike Miller, Jr., P.A., and files this Complaint against the Defendant, Tiffanie Bridgers, setting forth the following:

1. That Plaintiff, Tratoria Brooks, is a citizen of the United States who is domiciled in the State of Maryland.

2. That Defendant, Tiffanie Bridgers, is a citizen of the United States who is domiciled in the District of Columbia.

3. That the parties were involved in a motor vehicle accident which occurred on the George Washington Memorial Parkway in the State of Virginia.

## JURISDICTION AND VENUE

4. That, pursuant to 28 U.S.C.S. § 1332(a)(1), this Court has original jurisdiction of this claim because the Plaintiff and Defendant are citizens of different States and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5. That venue is proper in this jurisdiction under 28 U.S.C.S. § 1391(b)(1) because the only Defendant in this case resides in the District of Columbia.

## FACTS COMMON TO ALL COUNTS

6. That on or about March 7, 2015, at approximately 7:14 a.m., the Plaintiff, Tratoria Brooks, was operating her 2010 Honda Crosstour motor vehicle southbound on the George Washington Memorial Parkway.

7. That on the same date and time described herein, the Defendant, Tiffanie Bridgers, was also traveling southbound on the George Washington Memorial Parkway, operating a motor vehicle in a position behind Plaintiff's vehicle, when, suddenly and without warning, Defendant Bridgers negligently operated her vehicle into the rear of Plaintiff's vehicle and a collision occurred between the two (2) vehicles.

## COUNT I
### (Negligence)

8. That the Plaintiff hereby repeats and realleges as if set forth fully herein the allegations contained in paragraphs 1 through 7 of this Complaint.

9. That at all times relevant herein, the Defendant, Tiffanie Bridgers, had a duty to maintain a proper lookout, to exercise due care in the operation of her motor vehicle, to operate said vehicle in a safe and prudent manner, to drive at a speed in accordance with all prevailing road and/or traffic conditions, to keep a safe distance between her vehicle and Plaintiff's vehicle, to maintain control over her vehicle to avoid colliding with Plaintiff's vehicle, to drive in accordance with all prevailing traffic rules and regulations, and otherwise to pay full time and attention to the operation of her motor vehicle.

10. That the Defendant, Tiffanie Bridgers, breached her aforementioned duties owed

to Plaintiff, Tratoria Brooks, in failing to maintain a proper lookout, in failing to exercise due care in the operation of her motor vehicle, in failing to operate said vehicle in a safe and prudent manner, in failing to drive at a speed in accordance with all prevailing road and/or traffic conditions, in failing to maintain control over her vehicle to avoid colliding with Plaintiff's vehicle, in failing to keep a safe distance between her vehicle and Plaintiff's vehicle, in failing to drive in accordance with all prevailing traffic rules and regulations, and otherwise in failing to pay full time and attention to the operation of her motor vehicle.

11. That as a direct and proximate result of the negligent actions of Defendant, Tiffanie Bridgers, the Plaintiff, Tratoria Brooks, received severe, painful and permanent injuries to her body, as well as severe and protracted shock to her nervous system, all of which have caused and will continue to cause her great pain, suffering, mental anguish and other non-economic damages.

12. That as a direct and proximate result of the negligent actions of the Defendant, Tiffanie Bridgers, the Plaintiff, Tratoria Brooks, has been forced to expend and will continue to expend in the future, large sums of money for hospitalization, x-rays, doctors, nurses, medical treatment, and medications for the treatment of the aforementioned injuries to the Plaintiff, Tratoria Brooks.

13. That as a direct and proximate result of the negligence of the Defendant, Tiffanie Bridgers, the Plaintiff, Tratoria Brooks, was forced to lose time from her employment and suffered a loss of wages.

14. That as a direct and proximate result of the negligence of the Defendant, Tiffanie Bridgers, the Plaintiff, Tratoria Brooks, suffered damage to her personal property, including to her motor vehicle.

15. That at no time relevant hereto was the Plaintiff, Tratoria Brooks, contributorily

negligent nor did she assume the risk.

WHEREFORE, Plaintiff, Tratoria Brooks, seeks judgment against the Defendant, Tiffanie Bridgers, for the sum of Two Hundred Thousand Dollars ($200,000.00), plus interest and costs.

Respectfully submitted:

THE VALENTE LAW GROUP

_____
John P. Valente, III
Federal ID #: 22233
2200 Defense Highway, Suite 304
Crofton, Maryland 21114
(410) 451-1777
*Counsel for Plaintiff*

## JURY DEMAND

The Plaintiff, Tratoria Brooks, demands a trial by jury in the above-captioned matter.

_____
John P. Valente, III